UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JUVENAL V.B.,                                              Case No. 26-CV-0116 (PJS/DJF)

                    Petitioner,

v.                                                                          ORDER

KRISTI NOEM, Secretary of the United
States Department of Homeland Security;
PAMELA BONDI, Attorney General of the
United States; PETER BERG, Field Office
Director of Enforcement and Removal
Operations, Saint Paul Field Office; JOEL
BROTT, Sherburne County Sheriff, Warden
of Sherburne County Jail,

                    Respondents.

---

Pamela Guerrero, BIENVENIDOS LAW FIRM, for petitioner.

Ana H. Voss and Trevor Brown, UNITED STATES ATTORNEY'S OFFICE, for all respondents except Joel Brott.

This matter is before the Court on petitioner Juvenal V.B.'s petition for a writ of habeas corpus.[1]  Juvenal, a citizen of Mexico, entered the United States without inspection in March 2021.  V. Pet. ¶¶ 21, 46.  Juvenal had previously submitted a Form I-131 seeking humanitarian parole, which was denied by United States Citizenship and Immigration Services ("USCIS") in 2020.  *Id.* ¶ 48.  On June 14, 2024, Juvenal's spouse, a

---

[1]Pursuant to this District's policy in immigration cases, the Court identifies petitioner only by his first name and last initials.

United States Citizen, filed a Form I-130 (Petition for Alien Relative) on Juvenal's behalf. *Id.* ¶ 49.  USCIS approved the application on August 23, 2025.  *Id.*  Following approval, Juvenal opened an immigrant-visa account and began working with counsel to prepare a Form I-601A (Application for Provisional Unlawful Presence Waiver).  *Id.* ¶¶ 49–50.  Before the form was filed, Juvenal was detained by Immigration and Customs Enforcement ("ICE").  *Id.* ¶ 50.  ICE arrested Juvenal on December 26, 2026.  *Id.* ¶ 51.

Respondents take the position that Juvenal is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and therefore is not entitled to a bond hearing under 8 U.S.C. § 1226(a).  This position reflects both new interim guidance from ICE and recent precedent from the Board of Immigration Appeals finding that § 1225, rather than § 1226, applies to aliens who entered without inspection and have been residing in the United States.  *See Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 963 (D. Minn. 2025) (discussing the interim guidance); *Matter of Yajure* Hurtado, 29 I. & N. Dec. 216, 229 (BIA 2025).

Following his arrest, Juvenal filed this habeas action.  This is one of numerous recent cases challenging the application of § 1225(b)(2) to aliens who are unlawfully living in the United States.  This Court recently held that, because such aliens are not "seeking admission," *see* § 1225(b)(2), that provision does not apply to them.  *See Santos*

*M.C. v. Olson*, No. 25-CV-4264 (PJS/DJF), 2025 WL 3281787, at *3 (D. Minn. Nov. 25, 2025).

Respondents concede that this case is not meaningfully distinguishable from *Santos M.C.* and instead argue that *Santos M.C.* was wrongly decided. Respondents' argument has some force, but the Court continues to believe that the better reading is that § 1225(b)(2) does not apply to aliens, such as Juvenal, who entered without inspection and are already present and living in the United States.[2] The Court will therefore grant Juvenal's petition to the extent of ordering that respondents provide him with a bond hearing under § 1226 and enjoining respondents from applying the mandatory-detention provision of § 1225(b)(2).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Petitioner's petition for habeas corpus [ECF No. 1] is GRANTED IN PART and DENIED IN PART. Specifically, the Court:

    a. DECLARES that petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and ENJOINS respondents from

---

[2]The Court notes that respondents' arguments to the contrary are preserved for appeal. *See generally* ECF No. 6.

        denying release or other relief on the basis that petitioner is subject to mandatory detention under § 1226(b)(2).

    b.    ORDERS respondents to provide petitioner a bond hearing under 8 U.S.C. § 1226(a) within 7 days of the date of this Order.

    c.    Respondents are ENJOINED from moving petitioner outside of Minnesota prior to the conclusion of the bond hearing, so that petitioner may assist his counsel in preparing for that hearing.

    d.    If respondents do not provide petitioner with a bond hearing under 8 U.S.C. § 1226(a) within 7 days of the date of this Order, petitioner must be immediately released from detention.

2.    The remainder of petitioner's petition is DENIED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 15, 2026

                                              Patrick J. Schiltz, Chief Judge
                                              United States District Court